FOOTE *et al. v.* STRYKER *et al.*

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

FRAUDULENT CONVEYANCES—CONSIDERATION.

A daughter, holding two mortgages by gift from her father, foreclosed them, and, at one of the sales, bought in the premises; at the other, the premises were conveyed to her father without consideration, and without her knowledge, but he afterwards promised to pay her the amount of her mortgage for that property. He subsequently conveyed it, without consideration, after he had become indebted to plaintiffs. It was thereafter reconveyed to him through the daughter, also without consideration. She at the same time conveyed to him the other property, on his promise to pay her also the amount of her mortgage thereon; and he raised money on mortgages of both parcels. *Held,* that an assignment by him to her, in consideration of these conveyances to him, of another mortgage, the amount of which was less than that of her original mortgages, and less than the amount borrowed by him on the property, was valid as against plaintiffs. Affirming 10 N. Y. Supp. 472.

Motion for reargument of appeal.

For the decision on the original argument, see 10 N. Y. Supp. 472.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*I. Newton Williams,* for the motion.   *Charles J. Patterson,* opposed.

BARNARD, P. J.   The decision of this court upon the former argument, excepting an immaterial statement in the opinion that Anna Stryker acquired two pieces of property by foreclosure of two mortgages given to her by her father in 1875, and, at her father's request, conveyed the lands to him, when in fact she so acquired and conveyed one of these parcels, and he first acquired the other by a deed direct from the referee on such foreclosure, without consideration, and without the daughter's knowledge, is sustained by the proofs. On April 20, 1875, Richard D. Stryker gave to Anna M. Stryker two mortgages, (among others,) one of $1,800 on Rochester-Avenue property, and one of $2,000 on Gold-Street property.   In 1876 she foreclosed the mortgages, and at the sales she bought in the Gold-Street property, and the referee conveyed the Rochester-Avenue property to Richard D. Stryker, without receiving any consideration therefor, and without her knowledge.   She learned the fact some three months afterwards, and her father then promised to pay her the amount of her mortgage for the property.   In 1876, Richard D. Stryker conveyed this Rochester-Avenue and other property to his wife, without consideration, through a third party, and in 1877 the wife reconveyed to him through their daughter, Anna M. Stryker, without consideration, and the daughter also this time conveyed to him the Gold-Street property, when he promised to pay her the amount of her mortgage upon that property for the property.   She never received and he never paid any consideration for either of these parcels or her mortgage thereon, prior to the assignment of the Haner mortgage in dispute.   Upon an examination of Anna M. Stryker in supplementary proceedings against her father prior to this action, she testified that her father owed her nothing at the time of this assignment of this Haner mortgage, except certain specified and referred to loans testified to by her, and on this trial she testified that her examination upon said proceedings was true, but she says that she did not understand that any matter other than loaned moneys was then being inquired into.   There is no other evidence that these properties were ever paid for save *pro tanto* by this Haner mortgage.   There is no evidence of gift by the daughter to her father save the possible assumption from the fact that she trusted him when he could not secure her save by destroying all chance of realizing the moneys from mortgage for which she conveyed to him.   Motion denied, with $10 costs.